UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LLOYD ANTHONY WATSON,
A-Number: 095-935-755,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05875-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION FOR APPOINTMENT OF COUNSEL**

(Docs. 1, 4)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Lloyd Anthony Watson is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He contends that his continued detention without a bond hearing before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment. (*Id.*). He separately moves for appointment of counsel. (Doc. 4). For the reasons set forth below, the undersigned recommends that the petition (Doc. 1) be **GRANTED** and that the motion for appointment of counsel (Doc. 4) be **DENIED**.

## II. BACKGROUND

### A. Petitioner's Immigration History

Petitioner is a native and citizen of Jamaica. (Doc. 10-1 at 2, 4). He was admitted to the United States at New York, New York on or about April 19, 1995 as a B-2 nonimmigrant visitor,

with authorization to remain for a period not to exceed one year. (*Id.*). He did not depart as required. (*Id.* at 4).

On April 21, 2010, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as removable under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted. (*Id.*). DHS subsequently lodged an additional charge under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), alleging that Petitioner was inadmissible at the time of entry under INA § 212(a)(2)(A)(i)(II) as a noncitizen convicted of a controlled substance offense. (Doc. 10-1 at 6).

On October 21, 2021, an immigration judge ordered Petitioner removed to Jamaica. (Doc. 10-3 at 2-3). Petitioner reserved appeal and, on or about November 16, 2021, filed a notice of appeal with the Board of Immigration Appeals ("BIA"). (Doc. 10-1 at 2; Doc. 10-3 at 3). The appeal remains pending. (Doc. 10 at 2).

**B. Petitioner's Criminal History and Detention**

On November 2, 1995, Petitioner was convicted of attempted criminal sale of marijuana in the fourth degree, in violation of N.Y. Penal Law § 221.40. (Doc. 10-2 at 8). On August 17, 2012, Petitioner was convicted of unlawful possession of marijuana, in violation of N.Y. Penal Law § 221.05. (*Id.* at 7). On October 25, 2016, Petitioner was convicted of criminal possession of a controlled substance in the seventh degree, in violation of N.Y. Penal Law § 220.03. (*Id.* at 5).

On April 15, 2026, local police arrested Petitioner for two felonies: first-degree assault with intent to disfigure or disable another person, and second-degree assault with intent to cause serious physical injury. (Doc. 10-1 at 2). The local court issued a temporary protection order against Petitioner through April 14, 2027. (*Id.* at 2-3). These charges were later dismissed on July 27, 2026. (Doc. 11).

Also on April 15, 2026, ICE assumed custody of Petitioner from the Schenectady County Jail pursuant to a previously lodged detainer, served him with a Form I-200 administrative warrant, and detained him pending removal proceedings. (Doc. 10-1 at 2-3). Petitioner has remained in ICE custody since that date, and has been held at the California City Detention Facility since approximately July 13, 2026. (Doc. 1 at 2). As of the date of these findings, Petitioner has been

detained for over four months.

### C. This Action

Petitioner filed the instant petition on July 27, 2026. (Doc. 1). He concurrently requested a temporary restraining order (Doc. 3), which the Court denied on July 28, 2026 (Doc. 7), and moved for appointment of counsel (Doc. 4), which remains pending. On July 29, 2026, the undersigned issued an order to show cause, and Respondents filed a response with supporting exhibits on August 12, 2026. (Doc. 10). On August 13, 2026, Petitioner filed the Schenectady City Court's Certificate of Disposition (the dismissal of the pending criminal charges), which the undersigned treats as his traverse. (Doc. 11).

## III. DISCUSSION

### A. Jurisdiction

A district court may entertain a writ of habeas corpus from a person claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention Facility in California City, California, within this judicial district, and he challenges the constitutionality of his detention rather than a final order of removal. Jurisdiction is therefore proper.

### B. The Statutory Basis for Petitioner's Detention

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), on the theory that he is deportable under 8 U.S.C. § 1227(a)(2)(B)(i) by reason of two convictions under N.Y. Penal Law § 221.05. (Doc. 10 at 2). Although Respondents claim that Petitioner concedes he is subject to mandatory detention under section 1226(c) (Doc. 10 at 3), the record appears to merely support that Petitioner does not challenge the statutory basis for his detention, and instead claims that his due process rights have been violated because he has not

received an individualized bond hearing during his prolonged detention (Doc. 1). Therefore, the undersigned does not resolve whether section 1226(c) governs Petitioner's detention. As explained below, even presuming that section 1226(c) does in fact govern as Respondents assert, Petitioner is entitled to relief, an individualized bond hearing, on the present record. Nonetheless, the undersigned notes that section 1226(a) would independently afford an individualized bond hearing as well were that provision to govern instead.

**C. Petitioner Is Entitled to an Individualized Bond Hearing**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

There is no bright-line rule fixing the point at which detention under section 1226(c) becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts in this circuit and district evaluate such challenge under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See*

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Relevant to that inquiry are the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Accordingly, the undersigned considers and balances the *Mathews* factors, weighing the private interest, the risk of erroneous deprivation, and the Government's interest. *Mathews*, 424 U.S. at 335. First, Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). That interest carries considerable weight and does not diminish with the passage of time. This factor favors Petitioner.

Second, "the risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." Jimenez v. Wolf, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received none. The premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document, and the probable value of such a hearing is not trivial. However, such weight is a function of time. The procedural protection Congress provided for noncitizens detained under section 1226(c) is the removal proceeding itself, which *Demore* held sufficient for the period such proceedings ordinarily require. Where detention remains within that period and the removal proceeding is moving forward, the marginal value of superimposing an additional custody hearing is lower compared to instances where detention lengthens indeterminately. Presently, Petitioner has been in ICE custody for over four months. That period is meaningfully shorter than the durations at which courts in this Circuit have generally found detention under section 1226(c) to have become constitutionally prolonged.

On the other hand, Petitioner filed his appeal to the BIA nearly five years ago, on November 16, 2021, and that appeal has since remained pending. (*See* Doc. 10 at 2). The undersigned does not attribute that delay to either party, and notes that Petitioner was not in immigration custody for nearly all of it. What the record does disclose is no disposition after nearly five years. Neither

party has identified a hearing date, a briefing schedule, or an expected decision, and Respondents' assertion that Petitioner's removal proceedings "have a definite endpoint" (Doc. 10 at 3) is unsupported by anything before the Court. The anticipated duration of future detention is accordingly indeterminate, which bears directly on the risk of erroneous deprivation. Therefore, although Petitioner's present detention period on its own does not rise to the level of prolonged detention that would ordinarily merit an individualized bond hearing, the absence of any identified endpoint to the proceedings on which his detention depends weighs this factor in Petitioner's favor.

Third, the Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. Those interests do not diminish with the passage of time. *Rodriguez Diaz*, 53 F.4th at 1208. Respondents' danger argument includes Petitioner's "recent arrests for multiple violent felonies" and the corresponding protective order entered by the local court, although Respondents acknowledge that they had been unable to confirm the disposition of those charges. (Doc. 10 at 2-3). The certificate of disposition now before the Court establishes that the "recent arrests" were dismissed and sealed on July 27, 2026. (Doc. 11). The protective order was an incident of that prosecution. Dismissed charges do not establish dangerousness, and the Court declines to treat them as such. What remains is Petitioner's criminal history from 1995 through 2016, which were all drug related for marijuana or criminal possession of a controlled substance. (See Doc. 10-2 at 8). The Government remains free to press those convictions before an immigration judge. The Government's interest in effecting removal weighs against relief. Accordingly, this factor weighs in the Government's favor.

In balancing the factors, the question is not whether an individualized hearing would have value, but whether the Constitution requires one at this stage of Petitioner's detention. The undersigned finds that the balance tips in Petitioner's favor because, although Petitioner's detention has not yet exceeded the period *Demore* held constitutionally permissible, his removal proceedings have remained pending since November 16, 2021 and have no anticipated disposition. Therefore, without a definite endpoint to Petitioner's detention, the undersigned concludes that an

individualized bond hearing is warranted in this instance. Accordingly, the undersigned recommends that the petition (Doc. 1) be GRANTED.

**D. Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A. (Doc. 4). There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Appointment is discretionary and appropriate where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's filings demonstrate an adequate ability to articulate his claims, and the legal issues presented are not complex such that denial of counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the undersigned recommends that the motion for appointment of counsel (Doc. 4) be DENIED.

**E. Remaining Claims**

Petitioner also raises allegations concerning conditions of confinement and inadequate access to legal materials and forms. (Doc. 1 at 6). These allegations do not state an independent claim cognizable in habeas.

A habeas corpus proceeding is not an appropriate forum in which to bring a civil rights claim. *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973). The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003). The proper method of challenging conditions of confinement is through a civil rights action rather than a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991). Therefore, the undersigned recommends these claims be DISMISSED WITHOUT PREJUDICE to Petitioner pursuing them in an appropriate civil action.

**IV. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED** as to Petitioner's prolonged detention claim;

2. Within ten (10) days of any order adopting these findings and recommendations,

Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

3. Petitioner's claims concerning conditions of confinement and access to legal materials be **DISMISSED WITHOUT PREJUDICE**;

4. Petitioner's motion for appointment of counsel (Doc. 4) be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 28, 2026**

UNITED STATES MAGISTRATE JUDGE