**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LLOYD ANTHONY W.,

Petitioner,

v.

WARDEN, *California City Detention Facility*, et al.

Respondents.

No. 1:26-cv-05875-JLT-EGC (HC)

A-Number: 095-935-755

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 12)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 31, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted in part and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 12.) On September 10, 2026, Respondents filed timely objections. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court finds notable the following circumstances of this case: (1) Petitioner's appeal to the BIA has been pending for more than five years, suggesting that there is no obvious endpoint to

his removal proceedings and, relatedly, to his detention; and (2) though Petitioner was arrested on April 15, 2026 by local law enforcement and charged with two felonies, those charges have since been dismissed. Thus, considering that Petitioner has now been in detention for almost seven months, the Court agrees with the magistrate judge that the *Mathews* balancing test weighs in favor of issuing habeas relief in the form of a bond hearing. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 31, 2026 (Doc. 12) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED IN PART**.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide copies of this order and the magistrate judge's findings and recommendations to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
6. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _November 9, 2026_

UNITED STATES DISTRICT JUDGE